## Town of Loyall v. Howard et al.

May 19, 1942.

A. Joe Asher for appellant.

C. B. Spicer and B. O. Howard for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming in part and reversing in part.

This case presents the question of the correctness of the action of the trial court in granting a peremptory instruction in favor of the appellees, E. V. Howard and Pearl Wilson, at the conclusion of the evidence introduced by the Town of Loyall, plaintiff below. The Town alleged that Howard and Wilson were sureties on the

bond of I. B. Saylor, its defaulting clerk and tax collector, for the years 1938 and 1939. A default judgment was entered in favor of the Town against Saylor. After the action was instituted it was discovered that the bond relied upon was not the original one executed by Saylor and his sureties, but rather it was what purported to be a copy of the original bond. By appropriate pleadings the action was made to conform to the requirements of the Code for a suit upon a lost instrument. The appellees denied the allegations of the petition. They also set forth that the bond had been altered by raising the penal sum of $1,000 to $3,000, and that their signatures on the instrument sued upon were in substance a forgery.

At the outset we will dispose of the case as it relates to Howard, since it is conceded that the only evidence as to his signing the original bond was the vague and indefinite testimony of one witness. This evidence does not meet the rule set forth in the case of Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S. W. (2d) 877, 883, wherein it was said:

"For future guidance, the rule of practice replacing the scintilla rule is declared in the following terms, namely:

" 'When the evidence given at the trial, with all inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such a verdict, if returned, must be set aside, the court is not bound to submit the case to the jury, but should direct a verdict for the defendant.' "

The Town showed that Saylor had defaulted as tax collector; that a bond was executed by him as clerk and tax collector in the sum of $3,000 and accepted by the Board of Trustees; that it was placed in the hands of the then chairman of the Board; and that the original bond was in some manner removed and replaced with a carbon copy which had not been completed or filled out and was given to Saylor at his request. No witness testified that he actually saw Howard or Wilson sign the bond, but there was testimony to the effect that Wilson admitted having signed the instrument and that he made several statements relative to being released therefrom and on one occasion appeared before the Board for that purpose. One witness testified that he saw the original bond when it was presented to and accepted by the Board, and

that the signature of one of the sureties was similar to Wilson's handwriting. Another witness testified that he saw the original bond and, when questioned as to the signatures on it, he answered, "Saylor's, Pearl Wilson's and E. V. Howard's, all in different handwriting." Clearly, the foregoing constituted more than a scintilla of evidence as to Wilson's having signed Saylor's original bond. Such being the case, the judgment must be and it is reversed as to Wilson, with directions that that part of it be set aside and for proceedings consistent with this opinion. The judgment is affirmed as to E. V. Howard.